**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

C. ALEXANDRA TELLUSELLE,

          Plaintiff - Appellant,

  v.

HAWAII PACIFIC UNIVERSITY;
ERLEINA DANAO,

          Defendants - Appellees.

No. 12-17191

D.C. No. 1:11-cv-00343-BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding[**]

Submitted June 10, 2013[***]

Before:    HAWKINS, McKEOWN, and BERZON, Circuit Judges.

    C. Alexandra Telluselle appeals pro se from the district court's summary

judgment in her action alleging federal and state law claims arising out of her

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

enrollment in a graduate degree program on an international student visa from Sweden. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 518 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment on Telluselle's Title VI claim because Telluselle failed to raise a genuine dispute of material fact as to whether defendants' allegedly favorable treatment of other Swedish international students constituted discrimination against her on the basis of national origin. *See id.* at 522 (setting forth elements of Title VI prima facie discrimination claim).

The district court properly granted summary judgment on Telluselle's negligence claim because Telluselle failed to raise a genuine dispute of material fact as to whether defendants owed her any duty to transfer credits from a Swedish university or to provide her academic, immigration, or other counseling. *See Kaho'Ohanohano v. Dep't of Human Servs.*, 178 P.3d 538, 562-63 (Haw. 2008) (setting forth elements of a negligence claim).

The district court properly granted summary judgment on Telluselle's breach of contract claim because Telluselle failed to raise a genuine dispute of material fact as to whether the parties entered into an express or implied contract in which defendants made promises regarding academic counseling or transferring credits.

*See Chuck Jones & MacLaren v. Williams*, 71 P.3d 437, 451 (Haw. Ct. App. 2003) (setting forth elements of a breach of contract claim).

We do not consider issues raised for the first time either on appeal or in Telluselle's reply brief, including with respect to alleged discrimination based on disability or defendants' alleged failure to produce documents. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Telluselle's contentions regarding the district court's alleged failure to review all the evidence and defendants' alleged failure to cooperate with immigration officials are unpersuasive.

**AFFIRMED.**